**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0674-14T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JOHN MCNEAL,

    Defendant-Appellant.

_____

        Submitted November 17, 2016 — Decided March 20, 2017

        Before Judges O'Connor and Whipple.

        On appeal from Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 10-01-0082.

        Joseph E. Krakora, Public Defender, attorney for appellant (Kevin G. Byrnes, Designated Counsel, on the brief).

        Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Marc A. Festa, Senior Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from the June 12, 2014 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. For the reasons that follow, we affirm.

I

In 2011, defendant pled guilty to third-degree distribution of a controlled dangerous substance within 1000 feet of school property, N.J.S.A. 2C:35-7; third-degree resisting arrest, N.J.S.A. 2C:29-2(a)(3); and fourth-degree aggravated assault upon a police officer, N.J.S.A. 2C:12-9(b)(5)(a). He was sentenced to an aggregate four-year term of imprisonment, with a two-year period of parole ineligibility, to run consecutively with a sentence he was then serving. Defendant did not file a direct appeal from his convictions or sentence.

In 2012, defendant filed a PCR petition. Designated counsel filed a brief, which was not attached, but we surmise from the record defendant argued plea counsel was ineffective for withdrawing a motion to suppress evidence contrary to defendant's wishes. In that motion, defendant contended evidence seized pursuant to a search warrant must be suppressed because the warrant was fatally defective. We further discern defendant included in his petition a request to withdraw his guilty plea. On June 12, 2014, Judge Marilyn C. Clark denied defendant's petition.

2

On appeal, defendant presents the following issues for our consideration:

> POINT I — THE DEFENDANT WAS DENIED THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. 1, PAR. 10 OF THE NEW JERSEY CONSTITUTION.
>
> POINT II — THE PLEA SHOULD BE VACATED BECAUSE THE FACTUAL BASIS WAS CONFUSING AND GLARINGLY INCONSISTENT.
>
> POINT III — THE DEFENDANT SHOULD BE GRANTED RELIEF OR THE MATTER SHOULD BE REMANDED FOR AN EVIDENTIAL HEARING.

As he did before the trial court, defendant argues counsel was ineffective for advising him to withdraw a meritorious motion to suppress evidence, which had been seized as the result of a hopelessly flawed search warrant. He also contends his guilty plea should be vacated because the factual basis for his plea was "confusing" and "inconsistent." Finally, he contends the PCR judge erred by failing to order an evidentiary hearing on his claim counsel was ineffective. A brief summary of what occurred before defendant pled guilty is necessary to put the issues in perspective.

Defendant was charged with twenty drug-related offenses. In addition to other charges and those to which he pled guilty, defendant was indicted for first-degree leader of a narcotics trafficking network, N.J.S.A. 2C:35-3; second-degree employing a

3

juvenile in a drug distribution scheme, N.J.S.A. 2C:35-6 and

N.J.S.A. 2C:35-5; and second-degree possession with intent to

distribute controlled dangerous substances within 500 feet of a

public park, N.J.S.A. 2C:35-7.1, N.J.S.A. 2C:35-5(a), and

N.J.S.A. 2C:2-6.  At the time he pled, defendant had eleven

indictable and numerous disorderly persons convictions; most of

his convictions were drug-related.

Some of the new charges stemmed from the seizure of

controlled dangerous substances from a residence; these charges

were the subject of the suppression motion, in which defendant

challenged the legality of the search warrant.  Before the

motion was argued, the State made a plea offer that defendant

serve an eight-year term of imprisonment, with a five-year

period of parole ineligibility, to run consecutively to the

sentence defendant was then serving.  At that time defendant was

serving an eight-year term of imprisonment, with a four-year

parole ineligibility period.  Defendant rejected the State's

offer.

After the motion was partially argued, Judge Clark, who was

not only the PCR judge but also the judge who handled the

suppression motion and presided over the plea hearing, advised

the parties she believed the search warrant had "very serious

issues."  Defendant was present when the judge made this

4

comment.  However, the judge further noted that, even if the evidence recovered from the search warrant were suppressed, a number of charges would still remain.  Continued argument on the matter was adjourned for approximately two weeks.

When the parties returned to complete oral argument, they advised the court defendant accepted a plea offer in which the State would recommend a four-year term of imprisonment, with a two-year parole ineligibility period, to run consecutively to the sentence defendant was then serving, and all other counts would be dismissed.

During the plea colloquy, defendant stated, on the date in question, he was selling heroin on a street corner.  The street corner was within 1000 feet of a public school.  Specifically, he arranged for a "stash" of heroin to be brought to him to sell, and gave the heroin to two juveniles to store nearby.  However, defendant admitted such heroin remained under his possession and control.  At one point, at defendant's direction, one of the juveniles made a sale of the heroin.  Defendant admitted the juvenile provided him with the proceeds from the sale.  Finally, defendant admitted to resisting arrest and, in the course of doing so, kicked and swung at the police officers.

While probing defendant about his decision to plead guilty, the judge asked, "And you understand that while I'm informed

5

that you are pleading, and are withdrawing your motion[], I am telling you I would have suppressed the search warrant. Do you understand that?" Defendant replied, "Yes."

In her decision denying defendant's petition on the ground counsel was ineffective, Judge Clark stated:

> I do not find that there has been [a] sufficient basis to justify [an evidentiary] hearing. I do not believe there is any reasonable probability that a hearing would be successful. . . .
>
> I basically told everyone [the search warrant] was going to be suppressed. But a search warrant that has a defect does not justify assaults on police officers. That is a whole separate matter, even though it is connected to the search warrant. And he pled guilty to those.
>
> [Defense counsel] indicated he was withdrawing the [suppression motion] because [of] the [c]ourt's comments on the legal issues that existed and the renegotiation which far reduced his custodial exposure, resulted in the attorney saying we're not going to pursue the [m]otions anymore.
>
> I have no reason to believe Mr. McNeal was telling [defense counsel] to pursue motions which I had already said as to the search warrant [motion], was going to be successful. And because of that, the plea renegotiation took place. . . .
>
> [This is a plea] agreement that very substantially benefitted defendant. . . . [T]he search warrant in my opinion was defective. The rest of the evidence was not. And the rest of the evidence covered a great deal of, well the rest of the case

6

involved a great deal of inculpatory evidence against his defendant.

I believe the four with the two resolution was extremely fair. The State could have sought a . . . higher sentence even without the search warrant. There [was] distribution within a thousand feet of a school, employing a juvenile which is ten years with five without parole . . . potentially consecutively. . . .

So, based upon everything that I have gone through, I believe that there was effective assistance of counsel.

Judge Clark rejected defendant's request to withdraw his guilty plea, noting defendant failed to assert a colorable claim of innocence, see State v. Slater, 198 N.J. 145, 158 (2009), and demonstrate his conviction was manifestly unjust, see id. at 156.

II

The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987). In order to prevail on a claim of ineffective assistance of counsel, defendant must meet a two-prong test establishing: (1) counsel made errors so egregious he or she was not functioning effectively as guaranteed by the Sixth Amendment to the United States

7

Constitution; and (2) there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, supra, 466 U.S. at 687, 694, l04 S. Ct. at 2064, 2068, 80 L. Ed. 2d at 693, 698.

After reviewing the record in light of the contentions advanced on appeal, we conclude defendant's argument counsel was ineffective is devoid of merit.  We affirm for substantially the same reasons expressed by Judge Clark in her well-reasoned oral decision of June 12, 2014.  Further, the PCR court correctly concluded there was no basis to order an evidentiary hearing. See State v. Preciose, 129 N.J. 451, 462-63 (1992).

Defendant's contention his plea must be vacated on the ground his factual basis was confusing and inconsistent is similarly without merit and does not warrant discussion in a written opinion.  See R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION